**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Grey Vanaman,<br><br>  Plaintiff,<br><br>v.<br><br>Katherine Werner, et al.,<br><br>  Defendants. | No. CV-24-00011-TUC-JCH (P)<br><br>**ORDER** |

Before the Court is pro se Plaintiff's Motion for Recusal. Doc. 23. Plaintiff expresses concern that the delays in screening his complaint and adjudicating his IFP application may be due to an "overwhelmed" or "prejudiced" court. *Id.* at 2. Several of Plaintiff's concerns are mooted by the Court's July 28, 2025 Order. *See* Doc. 21. The Court nevertheless takes Plaintiff's impartiality concerns seriously.

A recusal motion under 28 U.S.C. § 455 is directed to the judge about whom the motion pertains. *See* 28 U.S.C. § 455(a) & (b). "[I]n the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912, 916 (9th Cir. 2008) (internal quotations omitted) (finding no plain error in district judge's decision not to recuse himself after a party sent threats to the judge prior to sentencing).

Under 28 U.S.C. § 455(a), recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United*

*States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)), *abrogated on other grounds*, *Simmons v. Himmelreich*, 578 U.S. 621 (2016). A reasonable person "in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Holland*, 519 F.3d at 914 (quoting *Clemens v. U.S. Dist. Ct. for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005)). "Disqualification under § 455(a) is necessarily fact-driven and may turn on subtleties in the particular case." *Id.* at 913.

The delay in screening Plaintiff's Complaint does not indicate any objective bias or prejudice. The Court has a busy docket. Also, Plaintiff's Complaint contained twelve claims with detailed allegations against eleven different defendants. *See generally* Doc. 1. The Court required time to properly assess each claim. And, in the interest of judicial economy, the Court chose to address Plaintiff's lengthy IFP-related Motion for Reconsideration (Doc. 19) in the same Order. *See* Doc. 21. A reasonable person would not question the undersigned's impartiality under these circumstances.

In addition to searching for evidence of objective bias, a judge has a duty to disqualify himself when "he has a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1)—in other words, *actual* bias or prejudice. "This test is highly personal in nature and requires each judge in such a situation to set aside emotion and thoughtfully examine his ability to impartially 'administer justice without respect to persons.'" *Holland*, 519 F.3d at 915 (quoting 28 U.S.C. § 453). The undersigned has no actual prejudice or bias against Plaintiff.

Likewise, there is no basis for recusal under 28 U.S.C. § 144 because Plaintiff filed no affidavit.

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Recusal (Doc. 23).

Dated this 30th day of July, 2025.

John C. Hinderaker
United States District Judge

- 2 -